## AFFIDAVIT IN SUPPORT OF
## A CRIMINAL COMPLAINT

I, Michael W. Tom, Special Agent of the Federal Bureau of Investigation (FBI), hereinafter referred to as your Affiant, being duly sworn, state that:

1. Your Affiant is an investigative or law enforcement officer of the United States within the meaning of Section 2510 (7), of Title 18, United States Code, as a Special Agent of the FBI. As such, your Affiant is empowered to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

2. Your Affiant has been employed by the FBI for approximately nine (9) years. Your Affiant has been assigned to the Cleveland Division of the FBI for the past four (4) years. Your Affiant is currently assigned to the Northern Ohio Law Enforcement Task Force (NOLETF), a Cleveland, Ohio, multi-agency Federal, State and local law enforcement drug task force. During your Affiant's assignment with the NOLETF, your Affiant has been assigned to investigations targeting organizations involved in drug trafficking offenses in the Northern District of Ohio. While being trained as a Special Agent of the FBI, your Affiant has received basic drug training at the FBI Academy located in Quantico, Virginia. Your Affiant has written and executed search warrants which have resulted in the seizure of illegal drugs and evidence of drug violations. Your Affiant has written and executed seizure warrants which have resulted in the seizure of assets acquired with drug proceeds. Your Affiant has previously been the Affiant on several Title III wiretap applications. These wiretap applications led to the federal arrests and convictions of several individuals. Your Affiant has supervised the activities of informants who have provided information and assistance in the federal prosecution of drug offenders. Based upon the above experience, your Affiant is familiar with the *modus operandi* of persons involved in illicit distribution of controlled substances as well as the terminology used by persons

involved in the illicit distribution of controlled substances. Your Affiant is aware that persons involved in the illicit distribution of controlled substances routinely attempt to conceal their identities as well as the locations at which drug transactions occur. These people are also known to have vehicles, properties, utilities and other items purchased in the names of others in order to conceal the association of drug activities with financial transactions. Your Affiant knows that individuals engaged in organized drug distribution and sales maintain extensive contact with persons from whom they receive drugs and with whom they distribute these drugs.

3. Your Affiant is aware that it is common for drug traffickers to secret contraband, proceeds of drug sales, and records of drug transactions in secure locations within their residences and vehicles, the residences and vehicles of their associates, and of family members for ready access and to conceal them from law enforcement authorities.

4. Your Affiant is aware that persons engaged in drug trafficking often conceal in their residences and vehicles, large amounts of currency, financial instruments, precious metals and gems, jewelry, and other items of value and/or proceeds of drug transactions.

5. Your Affiant is aware that persons engaged in drug trafficking often conceal in their residences and vehicles, drugs, scales, blenders, baggies, cutting agents, large amounts of cash, money counters, and other items used in preparing, packaging, selling, and transporting narcotics.

6. As a result of your Affiant's personal participation in this investigation and reports made to your Affiant by other federal law enforcement officers and other state and local law enforcement officers and witnesses, your Affiant is familiar with the circumstances and offenses described in this Affidavit.

7. This affidavit is offered in support of a criminal complaint against BRANDON

SHARPE for violations of federal law, specifically: 18 U.S.C. § 924(c)(1)(A)(iii), use of a firearm during and in relation to a drug trafficking crime; 18 U.S.C. § 922(g)(1), felon in possession of a firearm; and 21 U.S.C. § 841(a)(1), (b)(1)(C), possession with intent to distribute controlled substances. As further detailed below, your Affiant submits that there is probable cause to believe on March 3, 2020, SHARPE, knowingly possessed a firearm after having been convicted of a crime punishable by more than one year, that he used that firearm while possessing with intent to distribute controlled substances.  The information in this Affidavit is based on Affiant's personal knowledge, information provided by other law enforcement officers and individuals, and the reports and memoranda of other law enforcement officers. The information in this affidavit is provided for the limited purpose of establishing probable cause related to the commission of a federal offense. The information is not a complete statement of all the facts relating to this case.

## FACTS AND CIRCUMSTANCES REGARDING PROBABLE CAUSE

8. The FBI and members of the Northern Ohio Law Enforcement Task Force (NOLETF) had established surveillance in the vicinity of Dale Ave and Bosworth Rd, Cleveland, Ohio, on March 3, 2020 for another investigative matter.  While on surveillance, Task Force Officer (TFO) Brian Sara was parked behind a blue Chevy Trailblazer, temporary tag K240491. Task Force Officer Sara observed a black male (later identified as BRANDON SHARPE, hereinafter referred to as SHARPE) exit the vehicle and walk up to a residence located at 11413 Dale Ave. While at the residence, SHARPE and an older Caucasian female were outside of the residence, and TFO Sara witnessed a verbal altercation between SHARPE and the female. Shortly thereafter, SHARPE entered the driver side of the Chevy Trailblazer and the female began to walk down the street. Moments later, TFO Sara observed a black handgun appear out of

the passenger side window of the Chevy Trailblazer, and two shots were fired at the female's residence.

9. Thereafter, Agents and Task Force Officers pursued the vehicle to the intersection of Dale Ave. and W 105th. Law enforcements officers then conducted a felony stop and removed two occupants from the vehicle. The occupants were BRANDON SHARPE and a female. Subsequently, investigators searched the vehicle incident to arrest and pursuant to inventory prior to the vehicle being towed. Investigators found two-hundred and ninety-eight dollars in the vehicle, as well as a firearm, 9mm Smith and Wesson semi-automatic hand gun, serial number HLR4397, loaded with 9mm rounds of ammunition,[1] which was discovered in a seat pocket behind the passenger seat. On SHARPE's person was approximately two-hundred and ninety seven dollars and suspected heroin, approximately one gram or less. The female occupant was in possession of a gram or less of suspected heroin in her purse.[2]

10. TFO Sara believes that based on the location of the gun as it came out of the passenger window, where the gun was found in the vehicle inside the pocket behind the passenger seat, and the location of the shell casings outside the vehicle, SHARPE fired the gun out the passenger window while leaning from the driver's seat.

11. Law enforcement officers then recovered two 9mm shell casings in the vicinity of 11413 Dale Avenue. Law enforcement officers then spoke with the female who had engaged in conversation with SHARPE on Dale Avenue prior to the shooting. The female advised officers that SHARPE had previously been her heroin dealer. She stated she had been clean for

---

[1] Affiant knows that the firearm and ammunition were manufactured outside the State of Ohio.
[2] The heroin found in the car was not field tested and will be sent to a forensic lab for chemical testing. Based on Affiant's training and experience investigating drug trafficking crimes, Affiant believes that the substance was heroin or some other type of opioid controlled substance. Further, based on the packaging of the substance, Affiant believes that the substance was a distribution amount of heroin.

approximately fourteen months but had still owed SHARPE for heroin she had bought in the past. SHARPE wanted to charge her interest on the debt, but she did not want to pay SHARPE the amount he was asking. The female stated that SHARPE got upset with her and returned to his car. She then began to walk down the block away from the residence and she heard two gun shots.

12. For the foregoing reasons, Affiant respectfully submits that there is probable cause that BRANDON SHARPE committed the following federal offenses knowingly possessed a firearm after having been convicted of a crime punishable by more than one year, in violation of Title 18, United States Code, Section 922(g)(1), used a firearm during and in relation to a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii), and possessed a controlled substance with the intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C).

---

Michael Tom
Special Agent
Federal Bureau of Investigation

Sworn to via telephone after submission by reliable electronic means. Crim.Rules. 4.1; 41(d)(3)



Thomas M. Parker
United States Magistrate Judge
12:18 PM, Mar 4, 2020